# EXHIBIT A

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DIOSVANI RODRIGUEZ AND ) <br> LOHEGRIN RODRIGUEZ, ) <br> Individually and as Co-Administrators of the ) <br> Estate of Andres Rodriguez ) <br> 15584 Cape Fear Lane, ) <br> King George, VA 22485 ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> BATES TRUCKING & TRASH REMOVAL, INC. ) <br> 4305 48th St, ) <br> Bladensburg, MD 20710 ) <br> ) <br> Serve:   Jerry D. Miller, Esq. ) <br>            Joseph, Greenwald & Laake, P.A. ) <br>            Suite 400 ) <br>            6404 Ivy Lane ) <br>            Greenbelt, MD 20770 ) <br> ) <br>     Defendant. ) <br>                                   ) | 15 - 0002137 <br><br> Civil Case No.:_____ <br><br>  <br> FILED <br> CIVIL ACTIONS BRANCH <br> MAR 27 2015 <br> ... of the <br> District of Columbia <br> Washington, D.C. |

## COMPLAINT

**COME NOW** the Plaintiffs, Diosvani Rodriguez and Lohegrin Rodriguez, individually and as Co-Administrators of the Estate of Andres Rodriguez and move this Court for judgment against Defendant Bates Trucking and Trash Removal, Inc. As grounds for the complaint, Plaintiffs avers as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction is vested in this Court pursuant to DC Code § 11-921 (2001 Edition, as amended).

2.    This action is brought pursuant to the District of Columbia Wrongful Death



Act, D.C. Code §16-2701, et seq. (2001 Edition, as amended) and pursuant to the District of Columbia Survival Act, D.C. Code §12-101, et seq. (2001 Edition, as amended).

3. The venue of this claim is proper in the District of Columbia, as it is the venue in which decedent was injured and the venue where the decedent died.

## PARTIES

4. Regla Lissette Rodriguez is the surviving wife of Andres Rodriguez, deceased.

5. Plaintiff Diosvani Rodriguez is the son of Andres Rodriguez, deceased, and the Co-Administrators of his Estate.

6. Plaintiff Lohegrin Rodriguez is the son of Andres Rodriguez, deceased, and the Co-Administrators of his Estate.

7. Defendant Bates Trucking and Trash Removal is a Colorado corporation with its principle place of business in Bladensburg, Maryland.

8. This complaint arises from the negligence of Defendant Bates Trucking and Trash Removal. At all relevant times hereto, Defendant was responsible for the negligent acts of its employees. All references throughout this Complaint to "Defendant", unless otherwise specified, shall refer to the Defendant "Bates Trucking and Trash Removal, Inc.".

## FACTS COMMON TO ALL COUNTS

Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 8 of this Complaint, as if each allegation were fully set forth herein, and incorporate each preceding allegation by reference, and further alleges as follows:

9. The fatal incident that took decedent Andres Rodriguez's life occurred on June 20, 2014 when Mr. Andres Rodriquez was performing a routine inspection outside of

his work vehicle at the North East trash-dump transfer station located at 2160 Queens Chapel Road, NE, Washington, D.C., which is owned and operated by Waste Management, the decedent's employer. Another dump truck owned and operated by Defendant Bates Trucking and Trash Removal was in the vicinity of where Andres Rodriguez was performing the routine inspection. The driver and operator of Defendant's truck, Chauncey Crawford, who was employed by and working for Bates Trucking at all times relevant hereto, exited the truck apparently without placing it in proper gear or otherwise securing it. The assistant in the Bates truck was allowed to remain in the cab of the vehicle in direct violation of the facility rules. Mr. Rodriguez was following proper procedures and was inspecting his vehicle and was standing adjacent thereto in accordance with the facility rules. At no time was Mr. Rodriguez at fault. The defendant employees failed to secure their vehicle which was negligent and the truck subsequently rolled forwards and struck Mr. Rodriguez, pinning him between Defendant Bates' truck and his own.

10. The impact crushed Mr. Rodriguez about the body and head. While on the ground and maintaining consciousness, Mr. Rodriguez began bleeding profusely from his head. He suffered numerous other internal and external injuries. Mr. Rodriquez was transported to Washington Hospital Center where life-saving measures were instituted. Despite those efforts the injuries were too great and he subsequently died of his injuries on June 21, 2014. The cause of death was determined to be multiple blunt impact injuries, which he suffered in this incident.

## COUNT I
### (Negligence – Wrongful Death)

Plaintiffs hereby replead and incorporate by reference each every allegation as set forth

above and further states:

11. Defendant Bates Trucking and Trash Removal owed a duty to Andres Rodriguez to devote full time and attention to its vehicle; to keep a proper look out and to keep the motor vehicle under control under the circumstances and conditions at that time that the Defendant breached that duty. Despite the duties owed by the Defendant, Defendant failed to devote full time and attention to the control of Defendant's vehicle; failed to keep their motor vehicle under control and was otherwise negligent and careless in the operation, supervision and control of its motor vehicle.

12. Plaintiffs Lohegrin Rodriguez and Diosvani Rodriguez as Co-Administrators of the Estate of Andres Rodriguez bring claims and actions for the death of Andres Rodriguez under the District of Columbia Wrongful Death Act, D.C. Code § 16-2701 et. seq. on their individual behalves and on behalf of their mother and wife of the decedent Regla Lissette Rodriguez. As a direct result of the negligence and wrongful acts of the defendants and the ensuing death of Andres Rodriguez, these three beneficiaries have suffered loss of advice, guidance and counsel of the decedent, and of his services, that decedent could have been expected to provide had he lived, the value of lost care, education, training and personal advice, and all other damages recoverable under the District of Columbia's Wrongful Death Act.

13. As a direct and proximate result of these acts and omissions of Defendant Bates Trucking and Trash Removal, the Plaintiffs have suffered and will continue to suffer sorrow, mental anguish, and loss of solace, including but not limited to society, companionship, comfort, guidance, kindly offices, and advice of the decedent. Plaintiff Regla Lissette Rodriguez also suffered and will continue to suffer loss of income, household

services and other economic damages of the decedent.

## COUNT II
(Negligence – Survival Action)

Plaintiffs hereby replead and incorporate by reference each every allegation as set forth above and further states:

14. Plaintiffs' claims for the death of Andres Rodriguez are actionable under the District of Columbia Survival Statute, D.C. Code § 12-101 et. seq. These claims are brought pursuant to D.C. Code § 12-101 by the Plaintiffs and Co-Administrators of his Estate, Lohegrin and Diosvani Rodriguez.

15. Decedent Andres Rodriguez's right of action for wrongful death and negligent conduct against Defendant survives in favor of Lohegrin Rodriguez and Diosvani Rodriguez, as the Co-Administrators of the Estate of the decedent, Andres Rodriguez. As a direct and proximate result of the Defendants' wrongful and negligent conduct, the decedent experienced severe pain, suffering, mental anguish and emotional distress prior to his death.

16. In addition, decedent's estate lost the probable and future earnings and other economic and non-economic damages recoverable under the District of Columbia Survival Statute, D.C. Code § 12-101 et. seq., including all medical bills incurred to treat his injuries and incurred funeral and burial expenses.

## AD DAMNUM

WHEREFORE, Plaintiffs Lohegrin Rodriguez and Diosvani Rodriguez, individually and as Co-Administrators of the Estate of Andres Rodriguez, demand judgment of and against the defendant in the full amount of $50,000,000 (FIFTY MILLION DOLLARS), plus interest and costs from the date of decedent's death, or such other amounts as permitted by law.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues raised herein.

Respectfully submitted,

By: _____
David E. Haynes (D.C. Bar No. 483119)
1100 New York Avenue, N.W.
Suite 340, West Tower
Washington, DC 20005
Telephone: (202) 682-5800
Facsimile: (202) 408-8852
*Counsel for Plaintiffs*



**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Diosvani Rodriguez and Lohegrin Rodriguez, Individually
and as Co-Administrators of the Estate of Andres Rodriguez
Plaintiff

**15-0002137**

Case Number _____

vs.

BATES TRUCKING & TRASH REMOVAL, INC
Serve: Jerry D. Miller, Esq.     Defendant
Joseph, Greenwald & Laake, P.A., Ste. 400
6404 Ivy Lane, Greenbelt, MD 20770

**SUMMONS**

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David E. Haynes (D.C. Bar #483119)
Name of Plaintiff's Attorney  The Cochran Firm

1100 New York Avenue, NW, 340 West
Address
Washington, DC  20005

(202) 682-5800
Telephone

Clerk of the Court

By _____
Deputy Clerk

Date  **MAR 27 2015**

如需翻译,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                                                                    CASUM.doc




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

_____
Demandante

contra

_____
Demandado

Número de Caso: _____

### CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

_____
Nombre del abogado del Demandante

Por: _____
              Subsecretario

_____
Dirección

Fecha _____

_____
Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-682-2700) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# THE COCHRAN FIRM

⚖

1100 NEW YORK AVENUE, NW • SUITE 340, WEST TOWER • WASHINGTON, D.C. 20005
TELEPHONE: (202) 682-5800 • FAX: (202) 408-8851
WWW.COCHRANFIRMDC.COM

March 31, 2015

**Via E-Mail: leder@lederlaw.com and U.S. Mail**
Steven E. Leder, Esq.
Chris Olsen, Esq.
Leder Law Group, PC
401 Washington Avenue, Ste. 600
Baltimore, MD 21204

    Re:    Estate of Andres Rodriguez v. Bates Trucking and Trash Removal
              Civil Case No. 15-0002137

Dear Counsel:

    Enclosed please find a corrected Initial Order (the Clerk made an error previously) as well as several photos of Mr. Rodriguez with his family for your information.

    Thank you for your attention to this important matter.

                             Very Truly Yours,

                             *David E. Haynes /kld for*
                             David E. Haynes

DEH/kld

Enclosures

PI00112201



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

DIOSVANI RODRIGUEZ et al
Vs.                                             C.A. No.      2015 CA 002137 B
BATES TRUCKING & TRASH REMOVAL, INC.

## **INITIAL ORDER AND ADDENDUM**

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  March 31, 2015

Caio.doc

Initial Conference: 9:30 am, Friday, June 26, 2015
Location: Courtroom A-47
515 5th Street NW
WASHINGTON, DC  20001

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's

Office.   The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc











**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

DIOSVANI RODRIGUEZ et al
Vs.                                                                          C.A. No.        2015 CA 002137 B
BATES TRUCKING & TRASH REMOVAL, INC.

## INITIAL ORDER AND ADDENDUM

   Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

   (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

   (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

   (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

   (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

   (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

   (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                    Chief Judge Lee F. Satterfield

Case Assigned to: Judge MICHAEL O'KEEFE
Date:  March 31, 2015
Initial Conference: 9:30 am, Friday, June 26, 2015
Location:  Courtroom A-47
                515 5th Street NW
                WASHINGTON, DC 20001                                              Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc